UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | | |
|---|---|---|
| LARRY E. LEWIS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 14-64-DLB |
| | ) | |
| v. | ) | |
| | ) | |
| J.C. HOLLAND, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Larry E. Lewis is an inmate confined at the Federal Correctional Institution in Manchester, Kentucky. Proceeding *pro se*, Lewis has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1], challenging his conviction and the enhancement of his federal sentence based on a prior state court drug conviction. Lewis requests that his conviction and sentence under 21 U.S.C. § 841(b)(1)(A) be vacated.

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Lewis is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).

Thus, at this stage of the proceedings, the Court accepts Lewis's factual allegations as true and liberally construes his legal claims in his favor.

Having reviewed the petition, the Court must deny it because Lewis cannot pursue his claims under 28 U.S.C. § 2241.

## BACKGROUND

In October of 1999, a jury in the Northern District of Florida convicted Lewis of conspiracy to possess with intent to distribute cocaine and cocaine base and two counts of possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1). On October 25, 1999, he was sentenced to a term of 360 months imprisonment.[1] *United States v. Larry Lewis*, Case No. 3:99cr30/RV (N.D. Fla. 1999). Lewis appealed, and his conviction and sentence were affirmed on August 25, 2000. [R. 261 therein].

Subsequently, on May 11, 2005, Lewis filed a motion in the trial court pursuant to 28 U.S.C. § 2255, contending that his sentence should be vacated or set aside based on the then recent Supreme Court decision in *United States v. Booker*, 125 S.Ct. 738 (2005). [R. 292 therein]. On June 28, 2005, Lewis's § 2255 motion was denied as being time-barred. [R. 294].

## CLAIMS ASSERTED IN § 2241 PETITION

Lewis filed the present habeas petition on March 13, 2014, claiming that he is actually innocent of the offenses for which he was convicted under 21 U.S.C. § 841(a)(1). Lewis also claims that the trial court unlawfully imposed an enhanced sentence under 21 U.S.C. §

---

[1] However, on June 18, 2009, the trial court reduced Lewis's sentence, pursuant to 18 U.S.C. § 3582(c)(2), to 324 months. See *United States v. Larry Lewis*, Case No. 3:99cr30/RV (N.D. Fla. 1999) [R. 364 therein].

841(b)(1)(A), based on a prior state court drug conviction for simple possession that should not have been considered a prior felony drug offense.

A.   **Actual innocence of 21 U.S.C. § 841(a)(1) offenses**

In support of his claim that he is actually innocent of the offenses for which he was convicted under 21 U.S.C. § 841(a)(1), Lewis relies primarily on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and the Supreme Court's recent decision in *Burrage v. United States*, 134 S. Ct. 881 (2014), both of which post-date the finality of his conviction in the underlying criminal case. Lewis contends that *Alleyne* and *Burrage* apply retroactively to his case. In *Alleyne*, the Supreme Court applied its precedent in *Apprendi* and held that, if the existence of a particular fact would increase the applicable mandatory minimum federal sentence, that fact is an "element" of the crime that the jury must find beyond a reasonable doubt. *Alleyne*, 133 S.Ct. at 2155 (overruling *Harris v. United States*, 536 U.S. 545, (2002)).

B.   **Erroneous enhancement of his sentence**

To support his claim that the trial court erroneously enhanced his sentence based upon his prior Florida state court conviction for simple possession, which no longer qualifies as a predicate offense authorizing the enhancement of his sentence, Lewis relies on *Descamps v. United States*, 133 S.Ct. 2276 (2013), and *Moncrieffe v. Holder*, 133 S.Ct. 1678 (2013). Because both cases post-date the finality of his conviction in the underlying criminal case, Lewis contends that *Descamps* and *Moncrieffe* apply retroactively.

In *Descamps*, the Supreme Court examined whether a state-law burglary conviction was a "violent felony" within the meaning of the ACCA. *Descamps*, 133 S.Ct. at 2282. The Court

held that sentencing courts may not apply the "modified categorical approach," for purposes of determining whether a prior conviction qualifies as a predicate offense under the ACCA, if the crime of which the defendant was convicted has a single, indivisible set of elements. *Id*. at 2282–83 (describing the differences between the "categorical approach" and the "modified categorical approach"). The Court clarified that a sentencing court "may use the modified approach only to determine which alternative element in a divisible statute formed the basis of the defendant's conviction." 133 S.Ct. at 2293. Lewis argues that based on *Descamps*, his prior state court conviction in Florida for simple possession no longer qualifies as a prior felony drug conviction; therefore, the trial court erred in enhancing his sentence.

Lewis asserts that he is entitled to proceed with these claims in a habeas petition filed under 28 U.S.C. § 2241 because "the remedy under § 2255 is inadequate and ineffective." R. 1, Page ID# 5.

## DISCUSSION

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the

4

> sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir.2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

The "savings clause" in § 2255(e) provides a narrow exception to this rule. Under this provision, a prisoner is permitted to challenge the legality of his conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). This exception does not apply if a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. A prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, a defendant may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Lewis implies that his previous § 2255 motion was inadequate or ineffective because *Alleyne*, decided after that motion was denied, established a "constitutional right to have all elements of the offense charged in the indictment and proven beyond a reasonable doubt to the jury." He also relies on *Decamps* to support his claim that the court unlawfully enhanced his

5

sentence based on a prior conviction that did not qualify as a prior felony drug offense for enhancement purposes under 21 U.S.C. § 841. However, there is no indication in any of these recent Supreme Court cases (*Alleyne*, *Burrage*, *Descamps*, or *Moncrieffe*) that the Supreme Court made those holdings retroactive to cases on collateral review, such as Lewis's. Moreover, Lewis "actual innocence" claim is based on the fact that the exact quantity of drugs involved was not charged in the indictment and proved at trial. Lewis does not claim that he is factually innocent of the underlying drug offenses for which he was convicted. In other words, he has not alleged that he "stands convicted of 'an act that the law does not make criminal.'" *Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139, at *3 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

The savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their sentences. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241."); *see also Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012). Because Lewis has failed to demonstrate that he is entitled to proceed under § 2241, the Court will dismiss his petition.

Accordingly, **IT IS ORDERED** as follows:

1. Petitioner Larry E. Lewis's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

This 21st day of November, 2014.



G:DATA/ORDERS/London/2014/14-064/MOO dismissing 2241